REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY L SKIDMORE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ZIMMER, INC. and DOES 1 through 20, inclusive.<br><br>　　　　　Defendants. | Case No. CV12-05217 SJO (FFMx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Trial Date:　　　　June 18, 2013<br>Discovery Cut-Off:　March 18, 2013<br><br>NOTE CHANGES MADE BY COURT |

The parties have stipulated to the entry of this Protective Order in regard to certain discovery material to be made available by Defendants, Zimmer, Inc., or Zimmer US, Inc., (together, "Zimmer"). This discovery material includes trade secrets and confidential, proprietary and non-public documents and information, the public disclosure of which could be detrimental to the interests of Zimmer and/or related corporate entities; documents which may contain information that is personal and confidential to third parties, including individuals; and documents and information subject to a claim of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product immunity, and immunities created by federal or state statute or regulation). The parties agree that the above-described documents and information, including electronically stored information, should be given the protection of an order of this Court to prevent irreparable harm

1  through disclosure to persons other than those persons involved in the prosecution or
2  defense of this litigation.
3           Therefore, the following Protective Order shall govern discovery in the
4  above-captioned matter, as follows:
5           1.      The following definition shall apply to this Order: A "stamped
6  confidential document" means any document, including any document produced
7  electronically, which bears the legend (or which shall otherwise have had the legend
8  recorded upon it or upon the medium in which it is produced, in a way that brings its
9  attention to a reasonable examiner) "CONFIDENTIAL" or "CONFIDENTIAL-
10 SUBJECT TO PROTECTIVE ORDER" to signify that it contains information subject
11 to protection under Federal Rule of Civil Procedure 26(c)(1)(G), or federal or state
12 statute or regulation.  For purposes of this Order, the term "document" means all
13 written, recorded, electronically stored, or graphic material produced or created by a
14 party or any other person, whether produced pursuant to the Federal Rules of Civil
15 Procedure, subpoena, by agreement, or otherwise.  Interrogatory answers, responses to
16 requests for admission, deposition transcripts and exhibits, pleadings, motions,
17 affidavits, and briefs that quote, summarize, or contain materials entitled to protection
18 may be accorded status as stamped confidential documents, but, to the extent feasible,
19 shall be prepared in such a manner that stamped confidential documents are bound
20 separately from those not entitled to protection.
21          2.      Stamped confidential documents and their contents, as well as
22 copies, summaries, notes, memoranda and computer databases relating thereto, shall
23 be and remain confidential, and shall not be disclosed in any fashion, nor be used for
24 any purpose other than the analysis and preparation for trial of this action, except with
25 the prior written consent of the party or other person originally designating a
26 document as a stamped confidential document, or as hereinafter provided under this
27 Order.  Stamped confidential documents produced in hard-copy form shall not be
28 digitized or otherwise put in computer readable format (such as PDF format) by the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

person receiving the documents.  Stamped confidential documents produced in electronic form shall not be converted to any other electronic form and shall not be copied onto any hard drive, disk, back-up tape or any other medium that would allow the electronic stamped confidential document to be disclosed to anyone other than the person receiving the document.

        3.      Notwithstanding paragraph 2, stamped confidential documents may be disclosed to counsel of record for the parties to this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court).  Subject to the provisions of subparagraph 3(c), such documents may also be disclosed:

        (a)      to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

        (b)      to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; and to outside consultants or experts retained for the purpose of assisting counsel in the litigation; provided, however, that in all such cases, except as noted in paragraph 3(c) below, the individual to whom disclosure is to be made has signed and filed with the Court a Confidentiality Agreement, the form of which is attached hereto as Exhibit A, containing —

        (1)      a recital that the signatory has read and understands this Order and will abide by it;

(2) a recital that the signatory understands that unauthorized disclosures of stamped confidential documents and their substance constitute contempt of court; and

(3) a statement that the signatory consents to the exercise of personal jurisdiction by this Court for purposes of enforcing this Order.

(c) Each outside consultant or expert retained for the purpose of assisting counsel in this litigation to whom disclosure is made pursuant to paragraph 3(b) above must sign a Confidentiality Agreement, the form of which is attached hereto as Exhibit A.  That Agreement then must be returned to plaintiffs' counsel who shall retain any such Agreements during the pendency of the litigation and must certify in writing to Zimmer's counsel that (1) a disclosure was made to a consulting expert and (2) the consulting expert signed and returned the Confidentiality Agreement.

(d) Before disclosing stamped confidential documents to any person listed in subparagraph 3(a) or 3(b) who is a customer or competitor (including employees or consultants of either) of the party that so designated the document, the party wishing to make such disclosure shall give at least 15 days advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purposes of such disclosure.  If, within the 15-day period, a motion is filed objecting to the proposed disclosure, the disclosure shall not be made unless and until the Court has denied such motion.  The Court will deny the motion unless the objecting party shows good cause why the proposed disclosure should not be permitted.

CV12-05217 SJO (FFMx)
Stipulated Protective Order
4

         (1)    As used in this paragraph 3(d), the term "customer" means any direct purchaser of products from any defendant, or any regular indirect purchaser of defendants.  The term "customer" is not meant to include physicians.

         (2)    As used in this paragraph 3(d), the term "competitor" means any manufacturer or seller of medical devices.

4.    Each person executing the Confidentiality Agreement submits to the jurisdiction of this Court for the purposes of enforcement of this Order, either prior to or following the completion of this action.  Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any party or persons affected by this Order to apply to the Court at any time for such direction or further decree as may be appropriate for the construction or enforcement of this Order or for such additional relief as may become appropriate.

5.    Nothing in this Order shall preclude the disclosure by a party of stamped confidential documents that it has produced.

6.    Nothing in this Order shall preclude the disclosure by any party of publicly available documents or information.

7.    Stamped confidential documents included as part of any pleading or memorandum shall be filed in accordance with Local Rule 79-5.1 of the Local Rules of the Central District of California and section 26 of the Initial Standing Order For Cases Assigned To Judge S. James Otero.

8.    Persons with knowledge may be deposed regarding stamped confidential documents or the subject matter thereof.  Only the parties and persons described in paragraph 3, including the court reporter and the witness, shall be present at such depositions.  Transcripts of said depositions shall be treated as stamped confidential documents in accordance with this Order.

9.    If, at the time of trial, counsel for any of the parties attempts to introduce into evidence or use in cross-examination any stamped confidential

documents, whether as part of a document or deposition testimony, counsel for either party may request the Court to preserve the confidentiality of that stamped confidential document as the Court deems appropriate.

10. In the event that another party disagrees with a party's designation of any document or information as confidential, the objecting party shall advise counsel for the designating party, in writing, of the objection and identify the document or item with sufficient specificity to permit identification. Within 20 days of receiving the objection, the designating party shall advise the objecting party's counsel whether the designating party will change the designation of the document or item. If this cannot be resolved between the parties, then the dispute will be presented to the Court by motion or otherwise. During the pendency of any such motion, the designated document or item shall continue to be treated as a stamped confidential document and subject to the provisions of this Order. On the hearing of any such motion, the burden shall be on the designating party to establish that the designated document or item should be deemed confidential. **Any such motion must comply with Local Rule 37. (FFM)**

11. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients in this litigation and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of paragraphs 3(b) and 3(c).

12. If another court or an administrative agency subpoenas or orders production of stamped confidential documents which a party has obtained under the terms of this Order, such party shall promptly notify the party or other person who designated the document as confidential of such subpoena, order or other legal process.

CV12-05217 SJO (FFMx)
Stipulated Protective Order
6

13. If a producing party inadvertently or unintentionally produces to a receiving party any document or information without marking it as a stamped confidential document pursuant to paragraph 1, the producing party shall, within 30 days of the discovery of the inadvertent production, give notice to the receiving party in writing and thereafter the receiving party shall treat the document as a stamped confidential document. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the producing party's claim of restriction either as to specific documents and information disclosed or on the same or related subject matter. **Any such motion must comply with Local Rule 37.  (FFM)**

14. If a producing party inadvertently or unintentionally produces to a receiving party any documents or information subject to a claim of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product immunity, and immunities created by federal or state statute or regulation), the producing party shall, within 30 days of the discovery of the inadvertent production, give notice to the receiving party in writing of the producing party's claim of privilege or immunity from discovery. Thereafter, the receiving party shall immediately return to the producing party the original and all copies of the restricted materials, including copies of the restricted materials disseminated to other persons by the receiving party. The receiving party will be deemed to have notice that material is restricted if the party reasonably should recognize the material is privileged or protected from discovery, or upon written notice by the producing party. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the producing party's claim of privilege or immunity from discovery either as to specific documents and information disclosed or on the same or related subject matter. In the event that the receiving party disagrees with the producing party's claim of privilege or immunity from discovery, then the receiving party shall notify the producing party within five (5) business days of receipt of the producing party's written notice of claim of privilege, and shall set forth the precise grounds upon which

the receiving party's position rests.  If the parties cannot resolve the matter, then the dispute will be presented to the Court by motion or otherwise.  During the pendency of any such motion, the receiving party shall not copy, distribute, or otherwise use in any manner the disputed documents or information, and shall instruct all persons to whom the receiving party has disseminated a copy of the documents or information that the documents or information are subject to this Order and may not be copied, distributed, or otherwise used pending the motion and further notice from the Court.

15.   The provisions of this Order shall not terminate at the conclusion of this lawsuit.  Within 90 days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same (other than exhibits of record) either shall be destroyed or returned to the producing party.  In the event that stamped confidential documents are produced in electronic form, or are put into electronic form by the receiving party with the consent of the providing party, then the receiving party shall delete all electronic copies of stamped confidential documents from all computer systems, disks, and other electronic medium and devices.  All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 120 days after final termination of this litigation.

16.   The attorneys of record are responsible for employing reasonable measures to control and record, consistent with this Order, duplication of, access to, and distribution of stamped confidential documents, including abstracts and summaries thereof.  No duplications of stamped confidential documents shall be made except by counsel to provide working copies and for filing in Court under seal pursuant to paragraph 7.

17.   The Clerk may return to counsel or destroy any stamped confidential documents in its possession.

CV12-05217 SJO (FFMx)
Stipulated Protective Order
8

18. It is expressly understood by and between the parties that in granting access to or producing stamped confidential documents in this litigation, Zimmer shall be relying upon the terms and conditions of this Order.

IT IS SO ORDERED.

DATED: September 7, 2012

/S/ FREDERICK F. MUMM
United States Magistrate Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JERRY L SKIDMORE,<br><br>             Plaintiff,<br><br>      vs.<br><br>ZIMMER, INC. and DOES 1 through 20, inclusive.<br><br>             Defendants. | Case No. CV12-05217 SJO (FFMx)<br><br>**CONFIDENTIALITY AGREEMENT** |

     1.    I acknowledge that I am about to receive confidential information supplied by Zimmer, Inc., or Zimmer US, Inc.

     2.    I have read the Protective Order governing the restricted use of confidential information in this litigation, a copy of which order has been provided to me.  I understand the Protective Order and agree to abide by it.

     3.    I will not utilize any stamped confidential document or other information subject to the Protective Order for any purpose other than this litigation.  I further affirm that I will not reveal the confidential information to, nor discuss it with, anyone, except in accordance with the terms of the Protective Order.

     4.    I understand unauthorized disclosures of stamped confidential documents or their substance constitute contempt of court.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

5. At the termination of this litigation, I will return all documents marked "Confidential," or "For Counsel Only," or "Attorneys' Eyes Only," as well as any copies, summaries or abstracts of them, and documents related to them, whether in hard copy, electronic, or digitized format, to the attorney providing confidential materials to me.

6. I submit to the jurisdiction of the United States District Court, Central District of California, as necessary to enforce the provisions of the Protective Order.

Dated: _____

_____
Signature

_____
Printed Name

_____
Address

_____
City, State, Zip

_____
Telephone Number

REED SMITH LLP
A limited liability partnership formed in the State of Delaware